BECKER COMPANY v. DAVIS DRUG COMPANY.

[47 South. 468.]

STATUTE OF FRAUDS. *Sales of personalty.* *Code* 1906, § 4779.

So far as concerns the statute of frauds, Code 1906, § 4779, providing that a contract for the sale of any personal property, etc., for the price of fifty dollars and upwards, shall not be allowed to be good and valid unless the buyer shall receive part of the personal property, etc., the verbal sale for more than fifty dollars of a soda water fountain, with pitchers and paraphernalia, is valid, where a pitcher, a part of the outfit, was delivered.

FROM the circuit court of Washington county.

HON. SYDNEY SMITH, Judge.

The Drug Company, a corporation, appellee, was plaintiff in the court below; the Becker Company, also a corporation, appellant, was defendant there. From a judgment in plaintiff's favor

defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*A. J. Rose,* for appellant.

What constitutes a receipt of part of the personal property, or a delivery of part of the personal property? The following is as clear and concise a statement of the rule as can be found:

"There must be on the one hand a delivery by the vendor and intent to vest the title and legal possession in the vendee, and, on the other hand, there must be, not only an actual receipt of the goods, or some part thereof, by the vendee, but also some act or conduct on his part clearly indicating an intent to accept them as owner in pursuance of the parol contract." *Ladnier v. Ladnier,* 90 Miss. 475, 43 South. 946.

This statement of the rule shows that there must be proof, of:

1. A delivery by the vendee, with intent to vest the title and legal possession in the vendee.

2. Not only an actual receipt of the goods, or some part thereof, by the vendee, but, also;

3. Some act or conduct on the vendee's part clearly indicating an intent to accept the goods as owner in performance of the parol contract.

I think it is demonstrable from the testimony:

First. That there was no delivery with intent to vest title and legal possession in plaintiff by receipt of the silver chocolate pitcher; and

Second. That the testimony of plaintiff's only witness also shows that it never received the pitcher as owner in performance of the parol contract.

*Shields & Boddie,* for appellee.

By its verdict the jury found "a delivery had been made by the vendor, with intent to vest title and legal possession in the vendee, and that there was not only an actual receipt of the goods or some part thereof by the vendee, but also   *   *   *

conduct on his (vendee's) part clearly indicating an intent to accept them as owner in pursuance of the oral contract, as required in *Ladnier v. Ladnier,* 90 Miss. 475, 43 South. 946.

As counsel for appellant cites the above case, we wish to call the court's attention to the vast distinction between the one at bar and that case on the facts. In that case, the plaintiff sold to the defendant for $400 a flock of sheep, "woods range delivered." No money was paid, no writing made, nor any distinct understanding had as to the terms and times of payment; plaintiff relying on a constructive delivery of three sheep which were not in the flock, but pets lying near the house at the time. In the case at bar, there was a distinct understanding, as testified to by Davis, as to terms and times of payment, and plaintiff relied on constructive delivery of the silver pitcher as if it were a part of the articles sold.

In the case at bar there was:

(a)  A delivery by the vendor with the intent to vest the title and legal possession in the vendee. For, what other "delivery" was necessary, than for the purchaser to take possession of part of the very things sold, and carry it to his place of business, in the presence of, and with the full knowledge, acquiesence and consent of the seller?

(b)  Not only an actual receipt of the goods, or some part thereof, by the vendee, but also

(c)  Some act or conduct on the vendee's part, clearly indicating an intent to accept the goods as owner, in performance of the oral contract.

CALHOON, J., delivered the opinion of the court.

The declaration, in this case is upon an alleged oral contract by which it is said that appellant agreed to sell and deliver to the appellee, at his drug store in Greenville, Miss., a soda water fountain, with pitchers and paraphernalia complete, except a carbonator, and to install it in appellee's drug store in Greenville. It is averred that upon this oral contract a part of this

outfit was delivered to appellee, and it is averred that appellant. did not comply with its contract, and damages are claimed.

The jury was the judge of the evidence, and we do not think we should disturb the finding under the instructions.   The respective contentions of counsel are so fully and completely set forth in the instructions to the jury asked by them that it is impossible it could have been misled.   We think that if the testimony on the part of appellee is to be believed as it was manifestly believed by the jury, the pitcher was a part of the entire outfit purchased, and that, therefore, the verbal sale complied with Code 1906, § 4779, in the chapter of the statute of frauds,. and was a sufficient part delivery.

*Affirmed.*